## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BILLY OWENS ORSINI,**  **Plaintiff,**  v.  **GREATER CAMDEN REAL ESTATE DEVELOPMENT LLC,** *et al.***,**  **Defendants.** | Case No. 25–cv–19073–ESK–EAP  **OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff[1] to proceed *in forma pauperis* (IFP) (ECF No. 1–4); and plaintiff having brought this "emergent" action against defendants Greater Camden Real Estate Development LLC, Joseph Incandela, and Audrey Watkins-Kizee[2]; and the Court finding,

1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

---

[1] Plaintiff indicates in the Civil Cover Sheet that he is represented by John Pendergast, Esq. of South Jersey Legal Servies. (ECF No. 1–1.) Considering plaintiff filed this action himself, I will assume plaintiff is proceeding *pro se* for purposes of this Opinion and Order.

[2] While Greater Camden Real Estate Development LLC is named as a defendant in the case caption (ECF No. 1 p. 1), it is not listed as a defendant in the complaint (*see id.* p. 2.) Incandela and Watkins-Kizee are listed as defendants in the complaint (*id.*) but are not named in the case caption (*id.* p. 1).

2.    Plaintiff's affidavit in support of the Application insufficiently establishes an inability to pay the Court's fees.  Plaintiff has not provided all the necessary information required by the instructions set forth in the Application, which requires applicants to "[c]omplete all questions in [the] application" and instruct applicants "not [to] leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (ECF No 1–4 p.1.)  While plaintiff indicates that he receives $277 in public assistance and his monthly expenses are $300, the Application has numerous blank entries.  I am thus "unable to determine whether Plaintiff has the ability to pay fees and costs." *Watson v. Washington Twp. of Gloucester Cty. Pub. Sch. Dist.*, No. 09-3650, 2009 WL 2778282, at *2 (D.N.J. Aug. 28, 2009).

3.    A court reviewing an IFP application "has the authority to dismiss a case 'at any time,' … regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [IFP] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 659–60 (3d Cir. 2019).  Although the Application will be denied, I will screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii).   The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.    When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).   To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.    A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

6.  Plaintiff indicates that he is raising claims under the "14th Amendment, FHA, and ADA. (ECF No. 1 p.2; ECF No. 1–1). Plaintiff, however, fails to assert any facts in support of his claims.  Instead, plaintiff attaches transcripts from his proceedings in the Superior Court of New Jersey and an opinion from the New Jesey Office of Administrative Law terminating his emergency assistance benefits effective January 8, 2026.  (ECF No.1–2 pp. 10–49, 60–65).   The Complaint fails to meet the federal pleading standard.

7.  Plaintiff requests an emergency stay of eviction pending his state appellate hearing. (ECF No. 1 p. 4.) Pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to address this action. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010) (holding that the *Rooker-Feldman* doctrine, which precludes lower federal courts from exercising appellate jurisdiction over state court matters, applies when the plaintiff is inviting the district court to review and reject the state [courts] judgments).

Accordingly,

**IT IS** on this   **31st** day of **DECEMBER 2025**   **ORDERED** that:

1.  The Application (ECF No. 1–4) is **DENIED** without prejudice. Plaintiff may file an amended Application by **January 30, 2025**.

2.  The Complaint (ECF No. 1) is **DISMISSED.**

3.  Plaintiff may file by **January 30, 2026** an amended Application along with an amended Complaint addressing the deficiencies outlined above. The Court reserves the right to dismiss this action with prejudice for failure to timely file an amended Application and amended Complaint.

4.  The Clerk of the Court is directed to close this action.

　　　　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**